IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 3:19-cr-138-ECM |
| | ) | (WO) |
| LAMARTREZ OSHUN STORY | ) | |

**OPINION and ORDER**

Now pending before the court is defendant LaMartrez Story's unopposed motion to continue trial (doc. 114) filed on October 24, 2019. Jury selection and trial is presently set on the term of court commencing on November 4, 2019. For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider,"

among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

After advising the government of a potential alibi defense, the United States provided to counsel for Story additional discovery to rebut the alibi defense. (Doc. 114 at 2, para. 6). The defense needs additional time to adequately review and evaluate the discovery, to determine whether to retain an expert and to prepare for trial. The United States does not oppose the motion. After careful consideration, the court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the defendant in a speedy trial. The Court further finds that a continuance is warranted to allow defense counsel adequate time review the newly disclosed discovery prior to trial.

Accordingly, it is

ORDERED that the motion to continue (doc. 114) is GRANTED and the jury selection and trial are CONTINUED from November 4, 2019 to the criminal term of court commencing on March 2, 2020, at 10:00 a.m., in Opelika, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the March trial term.

Done this 25th day of October, 2019.

                                               /s/Emily C. Marks
                                          EMILY C. MARKS
                                          CHIEF UNITED STATES DISTRICT JUDGE